[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Marcus Roberts was indicted on one count of breaking and entering, pursuant to R.C. 2911.13(A), and one count of aggravated riot, pursuant to R.C. 2917.02(A)(1), both being fifth-degree felonies. After entering pleas of no contest, Roberts was found guilty and sentenced to seven months' confinement in the department of corrections for each of the two counts, with the sentences to be served consecutively. In his single assignment of error, Roberts now contends that the trial court erred by imposing consecutive sentences because the sentences were contrary to law and not supported by the record.
A trial court may impose consecutive sentences for multiple offenses if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public.[1]
Additionally, the trial court must find at least one of the following: (1) the offender was awaiting trial or sentencing on another offense, was under community control, or was under post-release control for a prior offense; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the seriousness of the conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from further crime by him.[2] When imposing consecutive sentences, the trial court must make these findings and provide its reasons for imposing the consecutive sentences.[3]
While the record in this case is not a model of clarity and appellate courts should not be forced to scour the record to find out what transpired at sentencing, we have done so.[4] After having reviewed the record, we hold that the trial court did make the required findings and provide statements that, while not expressly identified as its reasons, are on the record sufficiently connected to the findings to satisfy the "reasons" requirement.[5] Accordingly, Roberts's single assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] R.C. 2929.14(E)(4). See, also, State v. Moore (2000),140 Ohio App.3d 278, 287-288, 747 N.E.2d 281, 289.
[2] R.C. 2929.14(E)(4)(a) through (c).
[3] R.C. 2929.19(B)(2)(c).
[4] See, generally, State v. Berryman (Jan. 18, 2002), Montgomery App. No. 18770, unreported.
[5] See State v. Edmonson (2000), 86 Ohio St.3d 324, 328, 715 N.E.2d 131,135; R.C. 2929.29(B)(2).